

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*
*Special Prosecutions Division*

---

*PAUL J. FISHMAN*
*United States Attorney*

*Mala Ahuja Harker*
*Assistant United States Attorney*

*Peter Rodino Federal Building*
*970 Broad Street Suite 700*
*Newark, New Jersey 07102*

*(973) 645-2730*
*Fax: (973) 297-2006*

2014R00382/MAH

January 20, 2017

Michael D'Alessio, Jr., Esq.
80 Main Street, Suite 260
West Orange, NJ 07052

> Re: <u>Plea agreement with Richard Vogel</u>

Dear Mr. D'Alessio:

This letter sets forth the plea agreement between your client, RICHARD VOGEL, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from RICHARD VOGEL to a one-count information, which charges that RICHARD VOGEL did knowingly embezzle, steal, purloin, and convert to his own use money of the United States, to which he was not entitled, in violation of 18 U.S.C. § 641 and Section 2. If RICHARD VOGEL enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against RICHARD VOGEL for fraudulent billing of the National Passenger Railroad Corporation ("Amtrak") of regular and overtime hours during the period from November 30, 2015 through June 24, 2016. In addition, if RICHARD VOGEL fully complies with all of the terms of this agreement, at the time of sentencing in this matter, this Office will move to dismiss the criminal complaint filed on or about July 18, 2016, Mag. No. 16-7094 (CLW), against RICHARD VOGEL. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, RICHARD VOGEL agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by RICHARD VOGEL may be commenced against him, notwithstanding the expiration of the limitations period after RICHARD VOGEL signs the agreement.

### Sentencing

The violation of 18 U.S.C. § 641 to which RICHARD VOGEL agrees to plead guilty carries a statutory maximum prison sentence of 1 year and a statutory maximum fine equal to the greatest of: (1) $100,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon RICHARD VOGEL is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence RICHARD VOGEL ultimately will receive.

Further, in addition to imposing any other penalty on RICHARD VOGEL, the sentencing judge: (1) will order RICHARD VOGEL to pay an assessment of $25 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order RICHARD VOGEL to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) pursuant to 18 U.S.C. § 3583, may require RICHARD VOGEL to serve a term of supervised release of not more than 1 year, which will begin at the expiration of any term of imprisonment imposed. Should RICHARD VOGEL be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, RICHARD VOGEL may be sentenced to not more than 1 year of imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, RICHARD VOGEL agrees to make full restitution for all losses resulting from the offense of conviction or from the pattern of criminal activity underlying the offenses charged in the criminal complaint, Mag. No. 16-7094 (CLW), in the amount of $71,946.02

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on RICHARD VOGEL by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full

nature and extent of RICHARD VOGEL's activities and relevant conduct with respect to this case.

## Stipulations

This Office and RICHARD VOGEL agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or RICHARD VOGEL from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and RICHARD VOGEL waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Rights of This Office Regarding Post-Sentencing Proceedings

This Office specifically reserves the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.

## Immigration Consequences

RICHARD VOGEL understands that, if he is not a citizen of the United States, his guilty plea to the charged offense may result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. RICHARD VOGEL understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. RICHARD VOGEL wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. RICHARD VOGEL understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, RICHARD VOGEL waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against RICHARD VOGEL. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against RICHARD VOGEL.

No provision of this agreement shall preclude RICHARD VOGEL from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that RICHARD VOGEL received constitutionally ineffective assistance of counsel.

No Other Promises

        This agreement constitutes the plea agreement between RICHARD VOGEL and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

        Very truly yours,

        PAUL J. FISHMAN
        United States Attorney

        By: MALA AHUJA HARKER
        Assistant U.S. Attorney

APPROVED:

_____
JAMES B. NOBILE
Chief, Special Prosecutions Division

I have received this letter from my attorney, Michael D'Alessio, Jr., Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, restitution, stipulations and waiver. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____  Date: 2/1/17
RICHARD VOGEL

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, restitution, stipulations and waiver. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____  Date: 2/1/17
MICHAEL D'ALESSIO, JR., ESQ.

## Plea Agreement With RICHARD VOGEL

### Schedule A

1. This Office and RICHARD VOGEL recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and RICHARD VOGEL nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence RICHARD VOGEL within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and RICHARD VOGEL further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2015 applies in this case. The applicable guideline is U.S.S.G. § 2B1.1(a)(2). This guideline carries a Base Offense Level of 6.

3. Since the value of the money in the aggregate that RICHARD VOGEL converted to improper purposes and took by fraud exceeded $40,000, but was less than $95,000, there is an increase of 6 levels pursuant to U.S.S.G. § 2B1.1(b)(1)(D).

4. As of the date of this letter, RICHARD VOGEL has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if RICHARD VOGEL's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

5. In accordance with the above, the parties agree that the total Guidelines offense level applicable to RICHARD VOGEL is 10 (the "agreed total Guidelines offense level").

6. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 10 is reasonable.

7. RICHARD VOGEL knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 10. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 10. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court

employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

        8.     Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ, or motions not barred by the preceding paragraph.